## Reigel v. Reigel.

*Weak-minded person—Claims against estate—Determination of claim by due course of law.*

1. Where a creditor by petition presents his claim against the guardian of a weak-minded person and the guardian resists payment, the court cannot decree payment on the petition and answer.

2. In such case, the claim must be established in an action brought with notice to the guardian, and prosecuted to judgment.

Rule on Burd R. Linder, guardian, to show cause why a claim of M. B. Sechler against the ward should not be paid. C. P. Schuylkill Co., March T., 1925, No. 11.

*A. D. Knittle,* for petitioner.

KOCH, J., Oct. 25, 1926.—On Jan. 8, 1925, Burd R. Linder was appointed guardian of Carrie E. Reigel, who is now an inmate of the Schuylkill County Asylum at Schuylkill Haven.

The petitioner avers that, at the time of the appointment of the guardian, Carrie E. Reigel, the ward, was indebted to the petitioner in the sum of $454.50 for services rendered. Among the items which go to make up the amount there are five days' work at $5 a day, 3 per cent. commission on $12,400 for the sale of real estate and 3 per cent. commission on $500 for personal property sales. The guardian, in answering the petition, says he is informed, believes and avers that his ward is not indebted to M. B. Sechler upon any legal contract, either oral or written, and that if the petitioner has any legal claim he must establish the same in a civil cause at law or present his claim for adjudication upon audit of the final account when filed by the guardian.

In the Estate of Henry P. Kallenbach, 22 Schuyl. Legal Rec. 283, this court ordered the payment of a debt of $260 due by the ward for board and lodging, but in that case the petition was presented by the guardian. In this case the petition is opposed by the guardian upon the ground above stated. Under such circumstances, it is the undoubted right of the lunatic debtor, through his committee, to have the validity of the claim, and its amount, ascertained by due course of law: Rogers's Appeal, 119 Pa. 178. In Rogers's Appeal, it is said: "If the liability of the lunatic's estate had been conceded by his

committee, and the price or value of the services had been agreed upon, or otherwise lawfully ascertained, the court might have required the committee to raise the necessary funds to discharge the debt. But the demand was disputed by the committee. . . . Under such circumstances, the court would not assume to settle the dispute, or to order the payment of a debt which the committee denied. It was the undoubted right, not only of the creditor, but of the lunatic debtor, through his committee, to have the validity of the claim, and its amount, ascertained by due course of law; and a suit brought with notice to the committee, and prosecuted to judgment, *bona fide*, would be conclusive as to the amount and merits of the plaintiff's demand. . . . The validity of his claim being thus established, and the true amount thereof ascertained, he was entitled to lay it before the court and ask that its payment should be provided for. The debts of a lunatic are to be paid according to their character at the time of the finding of the inquisition; no preference can be acquired after the property passes in *custodia legis*."

The rule is discharged.

From M. M. Burke, Shenandoah, Pa.